UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRANCE NAPOLEON | CIVIL ACTION |
| VERSUS | |
| DARRYL VANNOY ET AL. | NO: 19-00355-BAJ-RLB |

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for a Temporary Restraining Order (Doc. 6).** Oral argument is not required. For the reasons stated below, Plaintiff's Motion is **DENIED**.

### I. FACTUAL BACKGROUND

Plaintiff alleges that he was sprayed with pepper spray while he was sleeping and that he has been threatened my multiple Louisiana State Prison staff members to abandon his Administrative Remedy Proceeding ("ARP") request. (Doc 6.) Plaintiff also claims that he had been abused physically and mentally, that he believes that he is in danger at Angola, and that he should be transferred to another facility. (Id.). Plaintiff also attached a copy of the handwritten ARP to his motion. (Doc. 6-1). Despite the Court's best efforts to decipher Plaintiff's handwriting, the ARP is illegible and unintelligible.

### II. LEGAL STANDARDS

It "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a

1

trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir.2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)). Thus, courts have held, for example, that "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal." *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 683 (N.D. Tex. 2015).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary

injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

## III. DISCUSSION

Plaintiff has not satisfied the basic elements required for the imposition of immediate injunctive relief as set forth by *Ridgley* because he fails to plead any facts that can reasonably be interpreted as having met any of the *Ridgley* criteria. Plaintiff merely argues that his rights have been violated, and that he should be moved from Angola, without any further discussion. Plaintiff fails to allege that the complained of incident was anything other than an isolated occurrence, nor does he allege that he suffered from any injuries, or currently suffers any health problems related to the alleged attack. Furthermore, Plaintiff alleges that the pepper-spray incident happened on May 19, 2018, over one year prior to the date the motion *sub judice* was filed. (Doc. 6 at p. 1).

The Court is called to review a *pro se* litigant's complaint liberally, so as to glean a cause of action from often inartfully pleaded complaints. The Court has complied with this mandate. The Court cannot, however, be expected to "extract

blood from a stone" when a *pro se* litigant does not allege even the bare minimum facts to support a cause of action. As Plaintiff has not alleged any facts that can be reasonably interpreted to address *any* of the requisite criteria for the issuance of a temporary restraining order, the Court cannot reach the full merits of Plaintiff's request. Plaintiff's motion is **DENIED**.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for a Temporary Restraining Order (Doc. 6)** is **DENIED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 13th day of September, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA